GRABER, Circuit Judge,
concurring:
I concur fully in the panel’s opinion. I write separately to state my view that, by oversight, our recent opinions erroneously have foreclosed Defendant’s potentially viable Fourth Amendment argument. Although a three-judge panel cannot correct that mistake, the en banc court can. Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc).
Defendant argues that the probation condition authorizing a suspicionless search violates the Fourth Amendment. The issue of search conditions has an important jurisprudential history. Before turning to that history, I note that the difference between probation and parole is important and, as discussed below, sometimes overlooked. Probation is a lesser form of punishment than imprisonment. Parole, which is the state-law equivalent of federal supervised release, is the early release of a prisoner subject to certain conditions. Functionally, they are very similar, with a violation of one of the conditions often resulting in imprisonment. Constitutionally, however, a parolee’s expectation of privacy may not be identical to a probationer’s expectation of privacy, as discussed below.
The first two relevant Supreme Court cases involved probationers. In Griffin v. Wisconsin, 483 U.S. 868, 870-71, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), the Supreme Court held that a search of a probationer’s home without a warrant, but with “reasonable grounds” to believe the presence of contraband, did not violate the Fourth Amendment. In United States v. Knights, 534 U.S. 112, 119-22, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Supreme Court held that a search of a probationer’s home with reasonable suspicion only (and not probable cause) did not violate the Fourth Amendment. The Court specifically noted that “[w]e do not decide whether the probation condition so diminished, or completely eliminated, Knights’ reasonable expectation of privacy ... that a search by a law enforcement officer without any individualized suspicion would have satisfied the reasonableness requirement of the Fourth Amendment.” Id. at 120 n. 6. In other words, Knights left open the very question raised by Defendant here: whether a suspicionless search of a probationer violates the Fourth Amendment.
The next Supreme Court case involved a parolee. In Samson v. California, 547 U.S. 843, 846, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), the Court addressed whether a search conducted under a California statute authorizing suspicionless searches of all parolees violated the Fourth Amendment. Drawing on Knights in particular, the Court held that the suspicionless search of the parolee’s home did not violate the Fourth Amendment. Id. at 850-56, 126 S.Ct. 2193. In discussing the privacy interest of the parolee, the Court held:
As we noted in Knights, parolees are on the “continuum” of state-imposed punishments. On this continuum, parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment. As this Court has pointed out, “parole is an established variation on imprisonment of convicted criminals.... The essence of parole is release from prison, before the comple *1059 tion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.”
Id. at 850,126 S.Ct. 2193 (emphasis added) (citation omitted) (ellipsis in original). After an extended discussion, the Court concluded that “parolees like petitioner have severely diminished expectations of privacy by virtue of their status alone ... [such that] petitioner did not have an expectation of privacy that society would recognize as legitimate.” Id. at 852, 126 S.Ct. 2193.
The Supreme Court has not addressed the question left open in Knights and raised here: whether a suspicionless search condition imposed on a probationer violates the Fourth Amendment. The Court’s statement in Samson — that “parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment” — makes clear that, although a suspicionless search of a parolee is constitutional, a suspicionless search of a probationer may not be constitutional.
Our own jurisprudence has overlooked the important distinction between parolees and probationers. Shortly before the Supreme Court decided Samson, we decided Motley v. Parks, 432 F.3d 1072 (9th Cir.2005) (en banc). We explained — correctly at that time — that “[w]e have consistently recognized that there is no constitutional difference between probation and parole for purposes of the fourth amendment.” Id. at 1083 n. 9 (internal quotation marks omitted). As Samson makes clear, though, that statement is now incorrect.
Unfortunately, we have applied our rule from Motley in cases decided after Samson. For instance, in United States v. Lopez, 474 F.3d 1208, 1213 n. 5 (9th Cir.2007), we quoted, in a footnote, the now-incorrect statement from Motley. In a different footnote, we also stated, incorrectly, that “Knights left open the issue decided in Samson: We do not decide whether the probation condition so diminished, or completely eliminated, Knights’s reasonable expectation of privacy____’” Id. at 1214 n. 6 (emphasis added). Samson decided whether a suspicionless search of a parolee was permissible but did not decide whether a suspicionless search of a probationer was permissible.
More importantly, in Sanchez v. Canales, 574 F.3d 1169, 1174 & n. 3 (9th Cir.2009), we applied the now-erroneous statement from Motley:
There is no question ... that parole and probation conditions are also categorically sufficient to justify the invasion of privacy entailed by a home search. See Samson, 547 U.S. at 847, 126 S.Ct. 2193 (where a parolee has agreed to submit to warrantless searches as “a condition of release,” subsequent warrantless, “suspicionless searches] by a law enforcement officer[do] not offend the Fourth Amendment”); see also Motley, 432 F.3d 1072 (same).[3]
Given that police officers may search the home of a parolee or probationer “without a warrant” and without “run[ning] afoul of the Fourth Amendment” so long as “the officers have [probable cause to believe] that they are at the address where ... the parolee ... resides,” Motley, 432 F.3d at 1079, there is no need to be concerned that a neutral magistrate had not approved the reasonableness of the compliance search. *1060 and parole for purposes of the fourth amendment." Motley, 432 F.3d at 1083 n. 9.
(Some internal quotation marks and one citation omitted) (citation truncated) (alterations in original.) In my view, Sanchez’ holdings are incorrect. Before Sanchez, neither the Supreme Court nor we held that police officers may search the home of a probationer without any suspicion.
I express no view on whether a suspicionless search of a probationer violates the Fourth Amendment. But this court’s continued reliance on the proposition that there is no difference between parolees and probationers in this context directly contravenes the Supreme Court’s clear statements in Samson and, critically, forecloses our ability to resolve that significant question on its merits. We should convene en banc so that we can correct our mistaken continued application of the Motley rule.

. Although both Samson and Motley were parole rather than probation cases, we have “consistently recognized that there is no constitutional difference between probation